# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1296 | **DATE** | June 5, 2012 |
| **CASE TITLE** | Joseph Warren vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his complaint, 28 U.S.C. § 1915A. (Dkt. No. 1). Plaintiff is granted IFP status. The full $350 filing fee is waived. The Clerk is instructed to file the complaint. Defendant Cook County Jail is dismissed. The clerk shall issue a summons for service on defendant Sheriff Dart and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Dart remains as a defendant solely so that plaintiff may identify presently unknown defendants. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Joseph Warren has brought a civil rights suit pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Cook County Jail. Plaintiff originally filed the case when he was confined at the Jail. His original *in forma pauperis* application was deficient because it was not supported by his trust fund account ledger. (Dkt. No. 4). However, plaintiff has been released from jail and is now living in the community so he cannot provide a trust fund account ledger at this point. It is clear from the prior IFP petition that plaintiff is impoverished. The full $350 filing fee is waived.

Turning to the initial review of the complaint, plaintiff alleges that while detained at the jail: (1) he was not given a towel or soap for hygiene purposes, (2) there were poor conditions including mold and brown water, (3) lactose free milk was not provided, (4) the water was undrinkable for five days, and (5) there was a spider and roach problem. Correctional officials have a duty provide basic humane conditions including adequate hygiene materials, *Rice ex rel Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted), food and drink, *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011), and shelter, *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008).

Plaintiff, however, has not named a proper defendant. Instead, he only names the Cook County Jail and Sheriff Tom Dart. Cook County Jail cannot be sued as a defendant. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (per curiam).

The proper defendant is the responsible correctional officer or other official who intentionally subjected plaintiff to these conditions. The fact that Sheriff Dart has overall responsibility for the jail is not enough to make him liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff must identify the individuals who personally caused him to suffer from these alleged

unconstitutional conditions. Plaintiff should also be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4.

Sheriff Tom Dart remains as a defendant solely so that plaintiff may discovery the identity of the presently unknown defendants who were personally involved with the alleged constitutional violations. Once an attorney has entered an appearance on Dart's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the individuals who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns their identities, he may submit a proposed amended complaint that names them. Summonses will then issue for service these defendants and Sheriff Dart will be dismissed as a defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming these defendants within the statute of limitations period if he wishes to proceed against them. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

Defendant Cook County Jail is dismissed. The clerk shall issue a summons for service on defendant Sheriff Dart and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Cook County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise

## STATEMENT

fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.